```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

**CARL E. ADAMS,**                       :

    **Plaintiff,**                        :

**vs.**                                  :   CIVIL ACTION 05-00317-CG-B

**MARENGO COUNTY JAIL,**                 :

    **Defendant.**                        :

### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed the instant action alleging violations under 42 U.S.C. § 1983 (Doc. 1), along with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated October 14, 2005, it is recommended that this action be dismissed without prejudice.

Plaintiff filed this Section 1983 action while incarcerated at Marengo County Jail (Doc. 1). Following a review of Plaintiff's Motion to Proceed Without Prepayment of Fees, Plaintiff's Motion was denied without prejudice, and he was ordered to re-file his motion with the statutorily required copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period immediately

preceding the filing of his complaint, along with a certificate completed by an authorized prison official, by July 6, 2005. (Doc. 3). Additionally, the Clerk was directed to send Plaintiff the requisite form for such motion.

On June 20, 2005, the Court's June 8, 2005 Order instructing Plaintiff to re-file his motion, and the form for the motion, were returned to the Court undelivered. (Doc. 4). Upon contacting the Alabama Department of Corrections, the Court discovered that Plaintiff was no longer incarcerated at the Marengo County Jail, but was instead incarcerated at Decatur Work Release. (Doc. 4). Accordingly, by Order dated October 14, 2005 (Doc. 5), the Court extended the time for complying with the Court's June 8, 2005 Order to November 3, 2005, and directed the Clerk to send to Plaintiff a copy of both the Court's June 8, 2005 Order (Doc. 3), and a copy of the October 14, 2005 Order (Doc.5), along with a form for a motion to proceed without prepayment of fees, at his new address with Decatur Work Release.

The above-referenced Orders have not been returned to the Court, and to date, Plaintiff has not filed a motion to proceed without prepayment of fees, sought an extension, or paid the $250.00 filing fee. Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the

Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    **DONE** this **8th** day of **November, 2005**.

                                                **/s/SONJA F. BIVINS**
                                              UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              **S/ SONJA F. BIVINS**
                              UNITED STATES MAGISTRATE JUDGE